IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 4:22CR3072 |
| vs. | | PLEA AGREEMENT |
| RICHARD KNOTT, JR, | | |
| Defendant. | | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney and Tessie L. Smith, Assistant United States Attorney, and defendant, Richard Knott, Jr., and Kelly Steenbock, counsel for defendant, as follows:

## I
## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count II of the Indictment. Count II charges a violation of Title 18, United States Code, Section 2252(a)(4)(b).

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States will move to dismiss Count I at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.   The defendant knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct;

1

2. That the production the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

3. The defendant knew the depiction was of a minor engaging in sexually explicit conduct;

4. The visual depictions had been mailed, shipped or transported in interstate commerce or foreign commerce by any means, including by computer.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

This case began with an investigation regarding the sharing of child pornography on a specific foreign-based cloud storage website. The investigation primarily concerned two hyperlinks which contained folders and subfolders of child pornography primarily depicting infants and toddlers. The investigation reviewed user accounts which were accessing and downloading child pornography from these links.

One such target account was "search_for_el_diablo@yahoo" Pursuant to the investigation, on August 14, 2019, this account downloaded 44 files from a hyperlink subfolder titled "baby." This download included the download of multiple files from a child pornography series titled "Daisy's Destruction" which depicts the egregious sadistic torture, bondage, physical abuse, and sexual abuse of a female toddler. On that same date the el_diablo account downloaded 100 files from a different sub-folder containing similar child pornography. Those files were still being stored by the target account as of October 22, 2019 when the account was shut down by the website. The IP address traced back to the defendant, Richard Knott, Jr. in Nebraska. The subscriber information for the el_diablo email address came back to the defendant as well.

On June 9, 2021, a federal search warrant was executed on Knott's home. During the execution, two of Knott's cellphones, a hard drive, 5 laptop computers were seized. During the execution of the warrant Knott agreed to be interviewed. Knott admitted that one year after he was released from prison for a prior child pornography crime, he began viewing and downloading child pornography again. He said that he used a cloud-based file sharing website to view and download child pornography. He was not aware of how much child pornography he viewed and downloaded, but he indicated that he used an external hard drive to store the child pornographic videos and photos that he downloaded. He said he owned two cell phones and three laptops. He said he used

2

his phone to store the storage website's address which he used to download the videos and photos. He said he downloaded and viewed the videos and photos on his cellphone and laptop computer and then after he viewed it, he would transfer it to his external hard drive.

The forensic download and review of the Defendant's cellphone revealed the application for the file storing website as well as web history indicating the Defendant's use of the cloud storage website. The phone also revealed several hyperlinks for the cloud storage website which had been saved. Regarding the other devices seized, the Western digital hard drive was determined to contain 24,506 images 6,435 videos of child pornography; one of his cellphones had 20 images and 3 videos of child pornography; his second cellphone had 1,007 images and 200 videos of child pornography; his Lenovo laptop had 5,471 images and 1 video of child pornography; and his Toshiba laptop had 344 images and 5 videos of child pornography.

The Defendant has been previously convicted for possessing child pornography in violation of the law of the state of Nebraska. On April 20, 2012, the Defendant was convicted of 10 counts of possessing child pornography in the District Court for Scotts Bluff County, Nebraska.

### III

### PENALTIES

A.    COUNT II.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    A maximum 20 years in prison; and a mandatory minimum of 10 years;

2.    A maximum $250,000 fine;

3.    A mandatory special assessment of $100 per count;

4.    Additional special assessments of $5,000 and up to $17,000; and

5.    A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

6.    Possible ineligibility for certain Federal benefits.

**IV**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
**DISTRICT OF NEBRASKA**

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

**V**

**SENTENCING ISSUES**

A.    SENTENCING AGREEMENTS.

1.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of between 132 and 168 months. This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility. All other sentencing terms and conditions, including but not limited to, the length of imprisonment within the above-listed range, the length and terms of supervised release, are left to the discretion of the Court.

2.    If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

3.    The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

Any minor victims of the Defendant's criminal activity as determined by the Court.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment.  If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically

4

directs participation or imposes a payment schedule.  Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.     ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1.  Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.  Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.  Fails to appear in court, or
4.  Engages in additional criminal conduct, or
5.  Attempts to withdraw the guilty plea, or
6.  Refuses to abide by any lawful court order, or
7.  Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

E.     CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).E.

F.     "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

5

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

6

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.  The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.  Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty.  The defendant will make this payment at or before the time of sentencing.

E.  By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court

7

rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

<u>    09/20/2022    </u>
Date

TESSIE L. SMITH
ASSISTANT U.S. ATTORNEY

September 13, 2022
<u>                    </u>
Date

RICHARD KNOTT, JR.
DEFENDANT

September 13, 2022
<u>                    </u>
Date

KELLY STEENBOCK
COUNSEL FOR DEFENDANT

8